UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SOCIEDAD AEROPORTUARIA, | ) | |
| KUNTUR WASI S.A. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 24-1977 (RJL) |
| v. | ) | |
| | ) | |
| THE REPUBLIC OF PERU, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**
(December 22, 2025) [Dkt. #14]

Plaintiff Sociedad Aeroportuaria Kuntur Wasi prevailed in an arbitration against the Republic of Peru. It filed this action to confirm the award. Peru failed to appear, and so plaintiff has moved for default judgment. Because plaintiff has satisfied the jurisdictional and procedural requirements for confirmation of its arbitral award, the Court will **GRANT** plaintiff's Motion for Default Judgment and Confirmation of Arbitration Award.

## BACKGROUND

### I.    Factual Background

Plaintiff Sociedad Aeroportuaria Kuntur Wasi ("plaintiff" or "Kuntur Wasi") is a special purpose company with its principal place of business in Lima, Peru. Compl. [Dkt. #1] ¶ 3. Defendant Peru ("defendant" or "Peru") is a foreign state within the meaning of the Foreign Sovereign Immunities Act. 28 U.S.C. §§ 1330, 1391(f), and 1602–1611.

In 2014, Peru agreed to contract with Kuntur Wasi for the construction of a new airport in Peru's Cuzco region. *Id.* ¶¶ 9–12. The parties entered into several agreements in connection with the deal under which plaintiff would carry out the design, financing,

construction, operation, and maintenance of the airport. These include the "Concession Contract," [Dkt. #1-4], entered into on July 4, 2014, and amended on February 3, 2017; the "Guarantee Agreement," [Dkt. #1-5], entered into on July 4, 2014; and the "Treaty," [Dkt. #1-6] signed on November 10, 1994, and entered into force on October 24, 1996.

In 2017, Peru violated these contracts when it announced that Kuntur Wasi would no longer participate in the construction and operation of the airport for "public interest reasons." Compl. ¶ 18; *see also* August 11, 2023 Tribunal Decision in ICSID Case No. ARB/18/27 ("Tribunal Decision") [Dkt. #1-2] ¶ 3. Kuntur Wasi rejected Peru's termination of the Concession Contract because Peru did not explain what, if any, "public interest reasons" supported the termination. Compl. ¶ 18. In 2018, Kuntur Wasi sent a formal letter to Peru terminating the Concession Contract on account of Peru's breach. *Id.*

The parties agreed to refer their dispute to the International Centre for Settlement of Investment Disputes ("ICSID") arbitration. *Id.* ¶¶ 25–32. The arbitration proceeded in accordance with the ICSID Convention and ICSID Arbitration Rules. *Id.* ¶ 34; *see also* Tribunal Decision ¶¶ 7–79. Both sides were represented by international law firms and fully participated in the arbitration. Compl. ¶ 35. In 2021, the selected tribunal conducted a hearing on jurisdiction, the merits, and damages. *Id.* ¶ 36. In 2023, the tribunal issued a lengthy, unanimous decision. *See generally* Tribunal Decision.

In short, and as relevant here, the tribunal found that it had jurisdiction over Kuntur Wasi's claims and that Peru had breached the Concession Contract, Guarantee Agreement, and Treaty. Tribunal Decision ¶ 3. After resolving several outstanding damages issues, the tribunal issued its ICSID award. Compl. ¶ 37. On May 9, 2024, the tribunal ordered

Peru to pay Kuntur Wasi $91,205,056, plus interest from February 28, 2024, to the date of payment. *See* ICSD Case No. ARB/18/27 Award ("Award.") [Dkt. #1-1]. To date, Peru has not responded to Kuntur Wasi's request to satisfy the Award, which remains unpaid. *See* Second Childs Decl. ¶ 8 [Dkt. #14-2].

## II.    Procedural History

Plaintiff filed this action on July 8, 2024, asking the Court to confirm the Award. It properly effected service on Peru in accordance with 28 U.S.C. § 1608(a)(2) and pursuant to the Inter-American Convention on Letters Rogatory. *See* Issuance of Letters Rogatory [Dkt. #10]; Motion for Entry of Default [Dkt. #11]; Return of Service [Dkt. #12]. Indeed, Peruvian officers in the Ministry of Foreign Affairs and Ministry of Economy and Finance confirmed receipt of the case-initiating papers. *See* Mot. for Entry of Default Judgment ("Mot.") [Dkt. #14] at 1; [Dkt. #11-2]; [Dkt. #11-3]. Peru never made an appearance nor filed an answer or other responsive pleading, so plaintiff requested and obtained an entry of default from the Clerk of the Court. *See* Default [Dkt. #13]. It then moved for entry of a default judgment and confirmation of the arbitration award. *See* Mot.

## LEGAL STANDARD

A court shall not enter a default judgment against a foreign state "unless the claimant establishes his claim or rights to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). This standard mirrors Federal Rule of Civil Procedure 55(d), *Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017), which provides that default judgment may be entered against the United States "only if the claimant establishes a claim or right to relief by evidence that satisfies that court," Fed. R. Civ. P. 55(d).

In evaluating whether a plaintiff has sufficiently established its claim, section 1608(e) "imposes a duty on FSIA courts to not simply accept a complaint's unsupported allegations as true, and obligates courts to inquire further before entering judgment against parties in default." *Firebird Glob. Master Fund II Ltd. v. Republic of Nauru*, 915 F. Supp. 2d 124, 126 (D.D.C. 2013) (internal quotation marks omitted). But the standard does not "require the court to demand more or different evidence than it would ordinarily receive." *Owens*, 864 F.3d at 785. Thus, "[i]n evaluating whether a plaintiff has sufficiently established its claim, courts may accept the plaintiff's 'uncontroverted factual allegations, which are supported by . . . documentary and affidavit evidence.'" *Firebird Glob. Master Fund II Ltd.*, 915 F. Supp. 2d at 126 (quoting *Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44, 49 (D.D.C. 2012)).

The Court's role in enforcing an ICSID arbitral role is "exceptionally limited." *TECO Guat. Holdings, LLC v. Republic of Guat.*, 414 F. Supp. 3d 94, 101 (D.D.C. 2019). In recognizing and enforcing an ICSID award, the Court may not "examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award. *Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, 87 F. 4th 510, 515 (D.C. Cir. 2023) (internal quotation marks and citation omitted). Instead, once the Court determines that it has jurisdiction to enforce an ICSID award, it must enforce the award provided that "the award is authentic" and the Court's "enforcement order is consistent with the award." *TECO Guat. Holdings, LLC*, 414 F. Supp. 3d at 101.

## DISCUSSION

### I.   Jurisdiction

The Court must first determine that it has "subject-matter jurisdiction over the claims and personal jurisdiction over the defendant." *Force v. Islamic Republic of Iran*, 464 F. Supp. 3d 323, 336 (D.D.C. 2020). The Court has both.

The Court has subject-matter jurisdiction. The FSIA provides presumptive immunity to foreign states from the jurisdiction of U.S. courts. *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). But the FSIA enumerates several exceptions to this immunity, including one that allows the enforcement of certain foreign arbitral awards against foreign sovereigns. *See* 28 U.S.C. § 1605(a)(6). As our Circuit recently articulated, a court has jurisdiction under the FSIA arbitration exception so long as three jurisdictional facts are present: "(1) an arbitration agreement; (2) an arbitration award, and (3) a treaty potentially governing award enforcement." *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F. 4th 1088, 1100 (D.C. Cir. 2024) (quoting *Chevron Corp. v. Ecuador*, 795 F.3d 200, 204 & n.2 (D.C. Cir. 2015)). All three are satisfied here.

First, the Concession Contract, Guarantee Agreement, and Treaty all contain an arbitration agreement. *See* Concession Contract § 16.6.1(b) ("If the Parties fail to reach an agreement within the direct negotiations period referred to in the preceding paragraph, disputes shall be resolved by international arbitration administered by the International Centre for Settlement of Investment Disputes."); Guarantee Agreement § 3; Treaty Articles 10(2) and 10(3). Second, there is an ICSID award obligating Peru to pay Kuntur Wasi. *See* Award. And third, the ICSID Convention governs the enforcement of the Award.

*Blasket Renewable Invs., LLC v. Kingdom of Spain*, 2024 WL 4298808, at *2 (D.D.C. Sept. 26, 2024). Thus, the Court has subject matter jurisdiction.

The Court also has personal jurisdiction over Peru. *See* 28 U.S.C. § 1330(b). In our Circuit, "subject matter jurisdiction plus service of process equals personal jurisdiction." *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002). As discussed above, the Court has subject matter jurisdiction, and Kuntur Wasi properly served Peru pursuant to the Inter-American Convention on Letters Rogatory and in accordance with 28 U.S.C. § 1608(a)(2). Therefore, the Court has jurisdiction to enforce the Award.

## II.    Merits

With jurisdiction established, the only remaining question is whether the ICSID Award is authentic. *See Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, 2018 WL 6605633, at *6 (D.D.C. Dec. 17, 2018). It is. Kuntur Wasi has made the requisite showing that it is the proper creditor to a valid ICSID award. Kuntur Wasi provided a copy of the Award and corresponding Tribunal Decision and a letter from the ICSID Secretary General certifying the Award. *See* Award; Tribunal Decision; ICSID Certificate [Dkt. #14-3]. It has thus demonstrated to the Court's satisfaction that the Award is authentic.

Further, there is no uncertainty about Peru's financial obligations to plaintiff. The Award ordered that Peru pay Kuntur Wasi $91,205,056, plus prejudgment interest from February 28, 2024, to the date of judgment, to be calculated in accordance with paragraphs 57(b) and 58 of the Award. Kuntur Wasi is also entitled to post-judgment interest until the date of full payment of the ICSID award at the statutory rate pursuant to 28 U.S.C. § 1961.

And Kuntur Wasi has submitted a declaration affirming that Peru has yet to pay any amount owed to plaintiff under the Award. *See* Second Childs Decl. ¶ 8. Therefore, the Court must enforce and confirm the Award in favor of Kuntur Wasi.

## CONCLUSION

For the foregoing reasons, and after a careful review of the full record, Kuntur Wasi's Motion for Entry of Default Judgment and Confirmation of Arbitration Award [Dkt. #14] will be **GRANTED.** An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge